Michael N. Taylor (SBN 097883)
5770 Armada Drive
Carlsbad, California 92008
(760) 579-0290 (phone)
(760) 579-0259 (fax)
miket@buffiniandcompany.com

Attorney for Plaintiff

FILED
'09 MAY 12 AM 10:05
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS NESPOR,<br><br>          Plaintiff,<br><br>v.<br><br>THE PEARSON-NESPOR ANIMAL HOSPITAL, INC. PROFIT SHARING PLAN<br><br>          Defendant. | Case No: '09 CV 1022 W POR<br><br>COMPLAINT FOR BENEFITS UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA); 29 U.S.C. 1001, ET SEQ.<br><br>**ORIGINAL** |

Plaintiff Tomas Nespor alleges as follows:

## PARTIES

1. Plaintiff is an individual who at all relevant times was a participant of the Plan.

2. The Pearson-Nespor Animal Hospital, Inc. Profit Sharing Plan ("the Plan") is an employee pension benefit plan as defined under ERISA, 29 U.S.C. 1002(2). The Plan's sponsor is Pearson-Nespor Animal Hospital, Inc., a California corporation ("Plan Sponsor" or "Corporation"). The Plan provides retirement benefits to employees of the Plan Sponsor.

## JURISDICTION AND VENUE

3. Jurisdiction over the subject matter of this action is proper under 28 U.S.C. 1331. This action asserts a claim to recover benefits owed under the terms of a qualified retirement plan under ERISA and to enforce rights under the terms of the Plan. This court has jurisdiction pursuant to 29 U.S.C. 1132(a)(1)(B) and 29 U.S.C. 1132(e)(1).

4. Venue is proper in this court under 29 U.S.C. 1132(e)(2) because the Plan is administered within the judicial district of this court.

## FACTUAL BACKGROUND

### THE PLAN AND PLAINTIFF'S TERMINATION OF EMPLOYMENT

5. The Plan Sponsor is a California corporation which operates a veterinary medical practice in the County of San Diego, State of California. Prior to December 31, 2007, Plaintiff was a Director, Officer, and employee of the Corporation. Plaintiff was also the owner of 50% of the outstanding shares of the Corporation. Plaintiff, at all times, was a participant in the Plan.

6. In December of 2007, Plaintiff resigned his position as an employee of the Corporation. Thereafter, various disputes arose between Plaintiff and Dorota Pearson ("Pearson"), the President of the Corporation and the holder of the remaining outstanding shares of the Corporation, concerning, among other things, the valuation of Plaintiff's interest in the Corporation.

7. On or about November 17, 2008, the parties entered into two Agreements to effectuate a settlement of the outstanding disputes that existed. The first was a written Stock Purchase and Sale Agreement entered into by Plaintiff, the Corporation, Pearson, and others. In this document, the parties confirmed that Plaintiff had terminated his employment with the Corporation as of December 31, 2007. The Agreement provided that Plaintiff would be deemed to have resigned as a "Director, Officer and any other positions in the Corporation" as of the Closing Date for the purchase of Plaintiff's shares. The second document was a Compromise and Release Agreement entered into between Plaintiff, the Corporation, and Pearson which had identical provisions regarding Plaintiff's termination of employment on December 31, 2007 and resignation of other corporate positions as of the Closing Date. The Closing Date occurred on December 19, 2008.

8. The Plan is valued annually as of the last day of the year. The Plan, in Paragraph 4.5, states in part as follows:

> "Benefit Upon Termination: A Participant who incurs a Termination of Employment will be entitled to his/her vested Aggregate Account balance determined as of the most recent Valuation Date coinciding with or immediately preceding the date of distribution."

9. On November 26, 2008 Plaintiff sent an Election Form to the Plan through its third party administrator demanding that his full vested account balance be transferred to a rollover IRA. The most recent valuation date preceding this demand for distribution was December 31, 2007. Plaintiff's vested account balance calculated as of that date was $295,485.25. As a result, Plaintiff's election form requested a payment in that amount.

10. The Plan failed to respond or to distribute any amount to Plaintiff. The Plan and Plan Sponsor through Pearson, the President of the Plan Sponsor and Trustee of the Plan, contended that because Plaintiff did not resign his position as an Officer and Director until the Closing Date that a valuation of Plaintiff's interest should occur as of that time. This claim is without foundation and is contrary to the express terms of the Plan.

## ATTEMPTS TO EXHAUST ADMINSITRATIVE REMEDIES

11. On January 9, 2009, pursuant to the claims procedure set forth in the Plan, Plaintiff, through his attorney, submitted a claim to Pearson in her capacity as President of the Corporation, the Administrator of the Plan, demanding that the Plan distribute Plaintiff's vested account balance in the amount of $295,485.25.

12. On January 15, 2009 Pearson responded. In her response, Pearson claimed that Plaintiff "remained an Officer, Director and Employee of the Clinic through the Closing Date". She stated that she was willing to sign instructions for the transfer of Plaintiff's interest in the Plan valued as of the Closing Date.

13. Paragraph 8.10(b) of the Plan states in part as follows:

> "Denial of Claim ... If the claim is denied in whole or in part, the Administrator will send the claimant a written or electronic notice informing the claimant of the denial. The notice must be written in a manner calculated to be understood by the claimant and must contain the following information: the specific reason(s) for the denial; a specific reference to pertinent plan provisions upon which the denial is based; if additional material is necessary for the claimant to perfect the claim, a description of such material or information and an explanation of why

1 such material or information is necessary; and an explanation of the
2 plan's claim review (i.e. appeal) procedures, the time limits applicable to
3 such procedures and the claimant's right to request arbitration if the
4 claimed denial is upheld in whole or in part on appeal. Written or
5 electronic notice of the denial will be given within a reasonable period of
6 time (but no later than 90 days) from the date the Administrator receives
7 the claim...."

8   14.   On February 2, 2009, Plaintiff's counsel responded to Pearson citing Paragraph 8.10
9 and requesting a formal response to Plaintiff's claim containing the information required by that
10 section. Pearson ignored this request. Instead, she sent a brief letter stating that there appeared to be
11 a difference of opinion regarding the value of Plaintiff's interest.

12   15.   On February 10, 2009, Plaintiff's counsel responded asking for clarification of
13 whether Pearson intended her letter of January 15, 2009 to be a formal denial of Plaintiff's claim.
14 Plaintiff's counsel also suggested that the parties agree to a distribution of the undisputed portion of
15 Plaintiff's vested account balance without prejudice.

16   16.   On February 12, 2009 Pearson responded. She failed to answer the questions in
17 Plaintiff's prior letter. Instead she stated "I am not in a position to answer technical legal questions
18 and cannot say what Dr. Nespor's rights are or not".

19   17.   On February 18, 2009 Plaintiff wrote again requesting clarification as to whether
20 Pearson's January 15, 2009 letter was intended to be the Plan's formal response to Plaintiff's claim.

21   18.   On February 19, 2009 Pearson responded again refusing to address Plaintiff's claim
22 or Plaintiff's request for clarification. She indicated, however, that Plaintiff could contact the Third
23 Party Plan Administrator, directly to work through her to try to resolve the outstanding issues.

24   19.   Thereafter, Plaintiff's counsel had a number of telephone conversations with the
25 Third Party Administrator. Plaintiff's counsel again suggested that Pearson agree to a distribution of
26 the undisputed portion of Plaintiff's vested account balance. Plaintiff's counsel stated that Plaintiff
27 would only consent to a partial distribution if it was without prejudice. Thereafter, the Third Party
28 Plan Administrator forwarded a Distribution Form to Plaintiff's counsel containing a distribution

amount of $285,935.24, the amount of Plaintiff's vested account balance based on a Valuation Date of December 31, 2008.

20. The Distribution Form contained a representation that the amount distributed was 100% of Plaintiff's vested account balance. This language was revised to state as follows:

> "Participant contends that this distribution does not represent 100% of his vested account balance. This distribution is without prejudice to participant's claim that additional amounts are owed."

21. Plaintiff's counsel forwarded the Distribution Form to the Third Party Administrator. In the cover letter which accompanied the Distribution Form, Plaintiff's counsel stated:

> "The form has been corrected to indicate the fact that my client does not contend that this distribution represents all of his vested account balance."

22. Plaintiff's counsel also forwarded the form to Dorota Pearson. In the cover letter which accompanied the form, Plaintiff's counsel stated in part as follows:

> "The form has been corrected to reflect the fact that my client does not contend that this distribution represents all of his vested account balance."

> "Please consider this my final demand that Pearson-Nespor Animal Hospital, Inc. comply with its obligations under the Plan to respond to the claim which was previously submitted on behalf of Dr. Nespor."

23. On April 13, 2009, Pearson wrote to Plaintiff's counsel taking the position that some release language contained in the Distribution Form had the effect of discharging any remaining claim that Plaintiff had to the distribution of Plan benefits. Pearson stated that she "will not be responding to your prior correspondence since this matter is now resolved and all issues closed".

24. On April 27, 2009, Plaintiff's counsel responded clarifying that the Distribution Form specifically stated that the distribution which it provided did not constitute all of Plaintiff's vested account balance and that it was without prejudice to Plaintiff's claim that additional amounts were

- 5 -
COMPLAINT FOR BENEFITS

1  owed. The Plan has failed and refused to provide any additional response to Plaintiff including any
2  formal denial of his claim.

3                          PLAINTIFF'S CLAIMS

4       25.   As indicated, the Plan, in Paragraph 8.10(b), requires that the Plan Administrator
5  respond to any claim within 90 days of the date the claim is submitted including specific and
6  detailed information as referenced in that paragraph.

7       26.   More than 90 days have elapsed since the date of Plaintiff's claim. The Plan
8  Administrator has failed and refused, despite numerous demands, to follow the requirements of the
9  Plan regarding the determination of Plaintiff's claim. The Plan and the Plan Administrator have
10 waived the claims procedure set forth in the Plan.

11      27.   The Plan, by its terms, requires that Plaintiff's vested account balance be valued as of
12 the Plan Valuation Date which preceded the date of distribution. The Plan was obligated to
13 distribute Plaintiff's vested account balance immediately after receiving Plaintiff's Benefit Election
14 Form dated November 26, 2008. The Valuation Date immediately preceding the date of this
15 Distribution Form was December 31, 2007. Plaintiff's vested account balance as of that date was
16 $295,485.25. Plaintiff has only received $208,935.24. Plaintiff is entitled to an additional
17 $86,550.01 from the Plan.

18      28.   The Plan and Plan Administrator contend that in executing the Distribution Form in
19 March of 2009, Plaintiff waived his claim to additional benefits. The Distribution Form, however,
20 and the cover letters accompanying the form, expressly provide that the distribution was without
21 prejudice. In addition, the release language upon which the Plan and Plan Administrator rely states
22 that it is in consideration of the payment of Plaintiff's entire vested account balance. The
23 Distribution Form expressly provides that the distribution did not constitute Plaintiff's entire account
24 balance. Plaintiff did not waive his claim for additional benefits.

25      29.   ERISA, in 29 U.S.C. 1132(f) provides for the payment of reasonable attorneys' fees
26 in the event of legal action under its provisions. Plaintiff has and will incur attorneys' fees in
27 connection with the prosecution of this action.
28 / / / /

WHEREFORE, Plaintiff prays for judgment as follows:

1. For the sum of $86,550.01 plus interest thereon at the maximum rate allowed by law;
2. For reasonable attorneys' fees;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court may deem proper.

DATED: 5/11/09

Michael N. Taylor, Attorney for
Plaintiff, Tomas Nespor

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TOMAS NESPOR

**DEFENDANTS**
The Pearson-Nespor Animal Hospital, Inc. Profit Sharing Plan

(b) County of Residence of First Listed Plaintiff  **Noord, Holland**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael N. Taylor (SBN 097883)   760-579-0290
5770 Armada Drive, Carlsbad, CA 92008

Attorneys (If Known)
'09 CV 1022 W POR

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 1132(a)(1)(B)
Brief description of cause:
Claim for benefits under qualified retirement plan.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____    DOCKET NUMBER _____

DATE  05/11/2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 143-687   AMOUNT $350   APPLYING IFP ___   5/12/09   JUDGE ___   MAG. JUDGE ___

ORIGINAL

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS000687
Cashier ID: kdelabar
Transaction Date: 05/12/2009
Payer Name: CAL EXPRESS
----------------------------------
CIVIL FILING FEE
 For: CAL EXPRESS
 Case/Party: D-CAS-3-09-CV-001022-001
 Amount:      $350.00
----------------------------------
CHECK
 Check/Money Order Num: 47300
 Amt Tendered: $350.00
----------------------------------
 Total Due:      $350.00
 Total Tendered: $350.00
 Change Amt:     $0.00


 There will be a fee of $45.00
 charged for any returned check.
```